UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAR GREER,

    Plaintiff,

    v.   CAUSE NO. 3:19-CV-969-JD-MGG

COFFIN, et al.,

    Defendants.

OPINION AND ORDER

Jamar Greer, a prisoner without a lawyer, filed a complaint (ECF 1) against Officer Coffin and Warden Hyatte asserting they subjected him to excessive force in violation of the Eighth Amendment. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Greer, who is housed at the Miami Correctional Facility, alleges that, on September 20, 2019, as he was headed to lunch, a signal was called, and an unidentified officer told him to proceed to the lunchroom. (ECF 1 at 1.) However, at the same time, he claims that Lieutenant Snow also told him to lie down on the floor. (*Id*.) After he "peaceful[ly] protest[ed]" Lieutenant Snow's order, he obeyed his order. (*Id*.) Greer

claims, however, that a third officer, Officer Coffin, improperly deployed OC spray "for more than a [two] second burst" to force him to comply with Lieutenant Snow's order. (*Id.*) He states he was confused by the conflicting orders and, as a result, suffers from blurred vision, dry eyes, and post-traumatic stress disorder. (*Id.*)

Greer asserts that he was subjected to excessive force by the defendants. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While Officer Coffin's use of OC spray may have been a good faith effort to maintain discipline, giving Greer the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Officer Coffin in his individual capacity.

Greer has also sued Warden Hyatte but he has not alleged that Warden Hyatte was personally involved or participated in the incident. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). In other words, because Warden Hyatte was not personally involved in Officer Coffin's decision to deploy the OC spray, he cannot state a claim for monetary damages against him. Accordingly, the

theory of respondeat superior is not available under the circumstances Greer alleges in his complaint and he cannot proceed against Warden Hyatte.

For these reasons, the court:

(1) GRANTS Jamar Greer leave to proceed against Officer Coffin in his individual capacity for compensatory damages for using excessive force on September 20, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Hyatte;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Coffin at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Coffin respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT